ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   1:16CR134 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| MILTON SHERROD, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Milton Sherrod's *pro se* motion for compassionate release.  Doc. 68.   After reviewing the matter, appointed counsel declined to file a supplement to the existing motion. Doc. 77.   The motion is DENIED.

Within the COVID-19 backdrop, the Sixth Circuit has recently explained this Court's duties and obligations when considering a motion for compassionate release.

> Sections 3582(c)(1)'s and (c)(2)'s parallel language and structure compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test. The three-step § 3582(c)(1)(A) test is as follows. At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[ ]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A) (emphasis added). The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018). Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13]

to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[ (1)(A) ] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)(citations and footnotes omitted). However, "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111.[1]

    I.    § 3553(a) Factors

    a. Standard

As noted above, this Court may "not modify a term of imprisonment once it has been imposed" unless specifically authorized to do so by section 3582(c). This Court may grant compassionate release if, after considering the factors in 18 U.S.C. § 3553(a), it determines that "extraordinary and compelling reasons" warrant a reduced sentence and that "such a reduction is consistent with applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3582(c)(1)(A)(i). For ease of reference, the § 3553 factors are as follows:

> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

---

[1] It is highly unlikely that Sherrod has demonstrated the extraordinary and compelling circumstances necessary to satisfy step two. He makes no mention of any prison conditions or underlying health conditions. Instead, he merely references the current pandemic. Out of an abundance of caution, the Court will still review the § 3553(a) factors.

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

18 U.S.C.A. § 3553.

The Sixth Circuit has noted that "District judges maintain an obligation to provide reasons" when resolving motions for compassionate release. *Jones*, 980 F.3d at 1112.

> We start by requiring a thorough factual record for our review: district courts must supply specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its compassionate release decision. We look at the whole record in sentence-modification proceedings, including the records from the original sentencing, records on the modification motion, and the final compassionate release decision.

*Id.* (citations, quotations, and alterations omitted).

    b. Analysis

Sherrod does not put forth a substantive argument in support of his motion. Rather, he expresses a hope that the Court will shorten his sentence because of the pandemic. He does not indicate that are any existing issues with the prison where he is housed. Sherrod also does not

3

suggest that he has any underlying health issues that put him at a heightened risk were he to contract Covid.

While Sherrod's shortcomings in his motion are sufficient to deny his motion, a review of his offense conduct and personal history also support denial. Sherrod was convicted of being a felon in possession of a firearm. However, his offense conduct was far more significant than simply possessing the firearm. Sherrod was driving a vehicle and his passenger was his co-defendant, Brandon Heard. While at a Sunoco gas station, they became involved in some form of a shootout with unknown others. The circumstantial evidence before this Court suggests that Sherrod did not fire his weapon. However, the same evidence suggests that his co-defendant fired at least one shot. Sherrod then drove away from the scene at a speed far in excess of the speed limit. Despite police attempting to stop him, Sherrod continued driving at a speed of nearly 60 mph through a residential neighborhood. Sherrod eventually lost control of the vehicle, travelled through a yard, and struck a home. Both Sherrod and his co-defendant then immediately exited the vehicle and tried to flee from the police.

Sherrod's conduct put lives at risk, including his own. His current conduct coupled with his long criminal history, which includes at least four prior convictions involving drug possession or trafficking, led the Court to vary upward from the advisory guidelines and sentence Sherrod to 72 months. Those same factors highlight why Sherrod is not a proper candidate for compassionate release. He remains a danger to society and fulfilling his full sentence will serve to protect the public.

Based upon a review of the totality of the factors listed in § 3553(a), the Court hereby

DENIES Sherrod's motion for compassionate release along with both his supplements.

    IT IS SO ORDERED.

| | |
|---|---|
| <u>January 13, 2021</u> |   <u>/s/John R. Adams</u> |
| Date | JOHN R. ADAMS |
| | UNITED STATES DISTRICT JUDGE\ |